OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Plaintiff Warwick, a New York partnership which owns a commercial building located at 80 West End Avenue in Manhattan, commenced this action to recover rent due under a lease after the defendant tenant vacated the premises prior to the expiration of the lease. The Appellate Division, First Department, modified a judgment of the Supreme Court, New York County, entered upon a decision following a nonjury trial, by, among other things, reducing the amount of the judgment and requiring plaintiff to indemnify defendant for any payments that it is required to make to a sublessor. The Appellate Division, disagreeing with Trial Term, found that there was a surrender of the premises, thus terminating the obligation to pay rent. Plaintiff appeals as of right from the modification (CPLR former 5601); defendant appeals by permission of the Appellate Division.
A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord- *692 tenant relationship that it indicates their intent to deem the lease terminated (Harris v Hiscock, 91 NY 340, 344; 2 Rasch, Landlord and Tenant § 859 [2d ed]; see, Gray v Kaufman Dairy & Ice Cream Co., 162 NY 388). As distinguished from an express surrender, a surrender by operation of law is inferred from the conduct of the parties (Bedford v Terhune, 30 NY 453, 463; Rasch, op. cit. § 859). Whether a surrender by operation of law has occurred is a determination to be made on the facts. We must determine whether the Appellate Division’s finding that there was a surrender or Trial Term’s findings that there was not more nearly comports with the weight of the evidence (Cohen and Karger, Powers of the New York Court of Appeals § 112 [rev ed]).
Review of the record establishes that defendant, acting in response to plaintiff’s request, gave plaintiff advance written notice that it was about to vacate the premises pursuant to an earlier "understanding.” Plaintiff thereafter physically assisted defendant in departing and billed defendant for nominal damages sustained in the move. These facts support the inference drawn by the Appellate Division that a surrender by operation of law has occurred.
The record also indicates that plaintiff had held itself out as the agent of a tenant which had subleased a portion of the building to the defendant and, therefore, was liable for the judgment against the defendant for unpaid rent on its sublease. An agent implicitly warrants its own authority to act and is liable for all damages which flow naturally from reliance upon its assertion of authority (Harriss v Tams, 258 NY 229, 234; Restatement [Second] of Agency §§ 329, 330).
Plaintiff was not entitled to recover an additional pro rata share of real estate taxes attributable to structural improvements made by another tenant, as recovery was expressly precluded by the very terms of the lease. Nor was plaintiff entitled to attorney’s fees (see, Hall & Co. v Orient Overseas Assoc., 56 NY2d 965, affg 84 AD2d 338, 341-342).
With respect to defendant’s appeal, we agree with the Appellate Division that the defendant is not entitled to judgment on its counterclaim, which sought $50,000 in accordance with the terms of an alleged oral modification of its lease. The testimony at trial clearly indicated that the payment was contingent on plaintiff’s ability to reach agreement with a third party on a new lease. Since such agreement was never reached, defendant cannot recover.
*693 Finally, the trial court’s award of $6,150.43 in increased operating expenses, recoverable by plaintiff under paragraph (3) of the lease, is supported by evidence in the record, and, having been affirmed by the Appellate Division, must be sustained in this court.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, without costs, in a memorandum.