■ ADERANS & ALFIERI, INC., Appellant, v SAUL RUDES, Respondent.—Order, Supreme Court, New York County (Edith Miller, J.), entered July 27, 1987, which, insofar as appealed from, denied plaintiff tenant's motion for summary judgment on its complaint seeking the return of its $30,000 security deposit, unanimously reversed, on the law, and the motion granted, with costs.

The commercial lease between the parties provides, in pertinent part: "Anything contained herein to the contrary, the tenants may terminate this Lease by vacating the premises at any time and the Lease shall be deemed terminated as of the date the keys and premises are surrendered."

The parties' agreement thus gave plaintiff the unequivocal right to terminate the lease at any time by merely vacating the premises and, unlike the general situation where a tenant seeks to reconvey the remaining term of his lease to his landlord by surrendering his lease, either expressly or by act or operation of law, which surrender requires an acceptance by the landlord *(see,* 2 Rasch, New York Landlord and Tenant —Summary Proceedings ch 26 [2d ed]), no acceptance on the part of defendant landlord was required in this case.

Therefore, where plaintiff's moving papers establish that it actually vacated the leased premises on Saturday, May 31, 1986 and "simultaneously delivered two sets of keys to defendant's weekend superintendent, Albert Knight, who was present throughout the move", defendant's claim that he never received the keys from Mr. Knight and that Mr. Knight was a "guard", who had no authority to accept surrender and delivery of the keys, is insufficient to defeat summary judgment. Concur—Kupferman, J. P., Sullivan, Kassal and Carro, JJ.