■ NHS NATIONAL HEALTH SERVICES, INC., Appellant, v MELVYN KAUFMAN et al., Respondents, et al., Defendant. [673 NYS2d 129] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about September 17, 1997, denying plaintiff's motion for summary judgment and granting defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, with costs, the cross-motion denied, the complaint reinstated, plaintiff's motion for summary judgment is granted, and the matter remanded for further proceedings.

Plaintiff seeks recovery of rent it mistakenly paid for commercial space formerly leased by it, which was vacated and relet by the landlord. Plaintiff entered a ten-year 1978 lease for the rental of multiple units from the landlord, amended in 1986 to add the disputed space, but re-amended in 1987 to extend the term of the lease, providing for additional units, effective in 1989. In 1988, after the second amendment but prior to its effective date, plaintiff surrendered the disputed space, which the landlord relet. However, the landlord did not delete the space from the formal lease. Apparently because of the landlord's changed billing method, now aggregating rent payments rather than itemizing them per unit, plaintiff inadvertently continued paying rent for the vacated space. In 1995, plaintiff executed a Lessee Estoppel Certificate for landlord's refinancing of the building, certifying that the lease had not been modified, amended or supplemented since the last amendment, upon which the landlord, and the motion court, relied to estop the claim for rental overpayments.

The landlord does not controvert its receipt of the disputed rent, its failure to send rent invoices to plaintiff for the subject space, its changed billing methods (by which plaintiff explains its own oversight), or that it relet the premises to another lessor for the subject time period. The landlord even billed plaintiff for building services when plaintiff moved out of the space, and thereafter listed the property as vacant. The conduct of both parties, to wit, plaintiff vacating, and the landlord reletting, the premises, established a surrender of the subject space by operation of law (*Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689), precluding the landlord from asserting continuing lease obligations in that regard. We have applied equitable principles akin to the doctrine of unjust enrichment to the situation where a payor overpays money to a payee, even if negligently so, under a mistake of fact, and we have accordingly allowed recovery of disputed funds, especially if the payee retained the benefit thereof while concomitantly realizing additional benefits (*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, *lv denied* 77 NY2d 803). Nor could the landlord, a party with actual knowledge of the overpayments, assert the Estoppel Certificate, a document intended to operate as between two innocent parties, one of whom relies on representations of the other, but neither having knowledge of harm done by a third party, to bar the innocent payor's recovery of overpayments (*Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 588). Accordingly, we reverse the grant of summary judgment, predicated on the Estoppel Certificate, to defendants and we grant summary judgment to plaintiff.

However, the complaint and related documents do not provide an adequate basis for us to specify the amount to be recovered. We remand the matter for further proceedings in this regard. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.