◼ In the Matter of EVELYN WASSERMAN, Appellant, v BRIGETTE EWING et al., Respondents. ALARIC EWING, Nonparty Respondent. [705 NYS2d 271] —In a proceeding pursuant to RPAPL 713 (3) to remove an allegedly illegal occupant of the subject premises, the petitioner appeals from an order of the Supreme Court, Kings County (Belen, J.), dated October 20, 1998, which granted the motion of nonparty Alaric Ewing to be restored to possession of the subject premises.

Ordered that the order is affirmed, with costs.

The appellant's contention that the nonparty Alaric Ewing voluntarily surrendered his lease, and therefore the Supreme Court improperly restored Ewing to possession of the subject premises, is without merit. A lease may be surrendered by express surrender or surrender by operation of law. An express surrender involves a mutual agreement between the landlord and the tenant that the lease be terminated. A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated, and can be inferred from the conduct of the parties (*see, Riverside Research Inst. v KMGA, Inc.,* 68 NY2d 689; 2 Rasch, Landlord and Tenant §§ 26:2, 26:6 [4th ed]). We agree with the Supreme Court that under the circumstances of this case, there was neither an express surrender nor a surrender by operation of law. Thus, Ewing was properly restored to possession of the subject premises. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.