■ BROCK ENTERPRISES, LTD., Appellant, v DUNHAM'S BAY BOAT COMPANY, INC., Respondent. [738 NYS2d 760] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered July 10, 2001 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover rent due for premises leased to defendant in the Village of Scotia, Schenectady County. The undisputed facts reveal that plaintiff—a real estate holding company whose president, Anthony Brock, and his wife, Marie Brock, plaintiff's secretary/treasurer, were each 50% shareholders—leased the subject property to defendant, a company in the business of selling, storing and repairing boats, for a period running from April 1, 1994 through March 31, 1997. On January 7, 1997, the parties entered into a renewal agreement wherein the lease would run from April 1, 1997 through March 31, 2000 and defendant would be given the "option to cancel the Lease after the expiration of the first year of the renewal term, that is, on March 31, 1998, provided Lessee gives to Lessor written notice * * * of its election to cancel no later than December 31, 1997."

Defendant did not give plaintiff written notice of its election to cancel the lease, but claims that the parties agreed that defendant would vacate the premises by April 30, 1998, as defendant had just purchased a new piece of property for its

business. Plaintiff denies the existence of any such agreement but clearly was aware of defendant's plans to vacate, as evidenced by a memorandum dated April 10, 1998, wherein plaintiff notified defendant that plaintiff would consider defendant to be in breach of the renewal agreement of January 1997 if it vacated the property before the lease termination date of March 31, 2000.

Defendant vacated the premises at the end of May 1998. At that time, plaintiff informed defendant that it was still expected to continue payments under the lease and that the lease remained in effect until March 31, 2000. It is not disputed, however, that during the summer of 1998, defendant returned a key to the premises and plaintiff subsequently requested the other keys to the premises and was informed by defendant that they were either lost or broken. Moreover, shortly after defendant vacated the premises, plaintiff moved boats owned by Shady Harbor Marina, its own boat business, onto the property for storage and Shady Harbor began paying rent for the property.

Supreme Court granted summary judgment to defendant on the ground that, inter alia, there was a surrender by operation of law, and plaintiff appeals. We affirm. "A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated * * *" (*Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [citations omitted]). Thus, when a tenant abandons possession and the landlord thereafter utilizes the premises in a manner inconsistent with the abandoning tenant's rights under the lease, such as, for example, by reletting the premises or using it for its own benefit, a surrender will be inferred (*see, Stahl Assoc. Co. v Mapes,* 111 AD2d 626, 628; *Centurian Dev. v Kenford Co.,* 60 AD2d 96, 100). Significantly, the landlord's reletting of the premises and the tenant's return of the keys are demonstrative of the parties' intent to terminate the lease (*see, e.g., Bay Plaza Estates v New York Univ.,* 257 AD2d 472, 473; *NHS Natl. Health Servs. v Kaufman,* 250 AD2d 528, 529; *David Present Co. v Tamasauskas,* 210 App Div 786, 787).

"Whether a surrender by operation of law has occurred is a determination to be made on the facts" (*Riverside Research Inst. v KMGA, Inc., supra* at 692), and where, as here, the pertinent facts are not disputed, the determination is made as a matter of law (*see, e.g., NHS Natl. Health Servs. v Kaufman, supra; Aderans & Alfieri v Rudes,* 136 AD2d 519). Here, defendant established that plaintiff accepted the only operable key

to the premises in defendant's possession and thereafter requested any remaining keys (*compare, Aderans & Alfieri v Rudes, supra, with Dagett v Champney*, 122 App Div 254; *see also, Bay Plaza Estates v New York Univ., supra* at 473). Moreover, immediately following the vacation of the premises by defendant, plaintiff allowed Shady Harbor to move its boats onto the premises and began accepting rent, as plaintiff's president clearly admitted in his deposition. The subsequent affidavit by plaintiff's president denying the payment of rent and characterizing the payments as "cover[ing] expenses for [the] property" is insufficient to raise a material question of fact on this issue because a party cannot "avoid summary judgment by alleging issues of fact created by self-serving affidavits contradicting prior sworn deposition testimony" (*Greene v Osterhoudt*, 251 AD2d 786, 788). Finally, plaintiff does not assert that it relet the premises for defendant's benefit to mitigate damages (*see, Centurian Dev. v Kenford Co.*, 60 AD2d 96, 98, *supra*) but, instead, seeks to recover the full amount of rent payable from the time that defendant vacated the premises. Accordingly, plaintiff has failed to raise a triable issue of fact that would preclude us from determining that plaintiff's conduct demonstrated an "intent to terminate the lease and use the premises for [its] own benefit" (*id.* at 100; *see, NHS Natl. Health Servs. v Kaufman, supra* at 529; *Aderans & Alfieri v Rudes, supra* at 519). We conclude, therefore, that plaintiff surrendered the premises by operation of law.

In light of the above, we need not reach the other issues raised by plaintiff.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.