(December 18, 2003)

■ BUSH REALTY ASSOCIATES et al., Appellants-Respondents, v A.M. COSMETICS, INC., Respondent, and ARTHUR MATNEY CO., INC., Now Known as BEST MERCHANDISE CORP., Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [770 NYS2d 19]—

Order, Supreme Court, New York County (Marylin Diamond, J.), entered March 14, 2003, which granted the cross motion of defendant A.M. Cosmetics for summary judgment, denied the motion of plaintiffs Bush Realty Associates and Kavdo LLC for summary judgment against A.M. Cosmetics and Arthur Matney Co. (now known as Best Merchandise Corp.), denied the cross motion of Best Merchandise Corp. for summary judgment, and denied the branch of plaintiffs' motion seeking to amend the complaint, unanimously modified, on the law, so as to deny the cross motion of defendant A.M. Cosmetics for summary judgment and to reinstate the complaint against it, and to grant the branch of plaintiffs' motion seeking to amend the complaint, and otherwise affirmed, without costs.

On the record before us, we cannot conclude as a matter of law that the estoppel certificate precludes Bush Realty's right of recovery against either Best or A.M. An estoppel certificate may not be enforceable if there is an equitable basis to invalidate the certificate, or if the party seeking enforcement took with knowledge of some defect in the manner in which the certificate was obtained (*Quantum Corporate Funding v L.P.G. Assoc.*, 246 AD2d 320, 323-324 [1998], *lv denied* 91 NY2d 814 [1998]; *see also Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 587-588 [1981]). Here, we perceive factual issues as to whether an estoppel or even a knowing waiver can be established against Bush Realty. Contrary to the motion court's conclusion, there was evidence suggesting that A.M. had actual knowledge that Bush's calculation of the cost of living increase was based on a formula which was at odds with the formula prescribed in the COLA clause.

Despite the conscious decision of the managing agent to forgo certain post-1993 increases to which Bush was entitled, there is nothing to indicate that he or anyone else acting on behalf of Bush was aware of the faulty foundation for the pre-1993 increases, or that a knowing decision was made to ignore the lease terms concerning the calculation of the rent.

Inasmuch as the estoppel certificate is not determinative of the parties' rights at this juncture, it is appropriate, pursuant to CPLR 3025 (b), to grant plaintiffs' motion to amend, so that a resolution of all of the parties' obligations arising under the

272

landlord-tenant relationship may be achieved in the same proceeding. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.