■ 80 STATE STREET, LLC, Respondent, v ALLWEN, INC., Doing Business as WENDY'S, Appellant. [774 NYS2d 889]—

Lahtinen, J. Appeal from an order of the Supreme Court (Benza, J.), entered January 30, 2003 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff brought this action seeking damages arising from an alleged breach of a lease by defendant. In August 1999, defendant entered into a 10-year lease to rent premises owned by plaintiff in the City of Albany, where it intended to operate a Wendy's restaurant. The lease contained a provision permitting defendant to terminate the lease after five years. However, defendant closed the Wendy's and vacated the premises on December 14, 2001. Within a few days, defendant allegedly returned the keys to plaintiff and had its attorney write a letter notifying plaintiff that it had vacated the premises and inquiring how plaintiff planned to proceed. Plaintiff responded in early January 2002, setting forth the amounts due under the lease up to the five-year early termination date and demanding payment. Defendant failed to respond. Plaintiff then commenced this action and subsequently moved for summary judgment, which was granted. Defendant appeals.

We find no merit in defendant's contention that its actions were justified because its restaurant was not profitable. Defendant's broad assertion that plaintiff represented that the location would be profitable is of no moment. This lease between sophisticated business entities makes no reference to a guaranteed minimum level of profitability and the merger provision in the lease precludes resorting to extrinsic proof (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600 [1997]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Nor does the fact that defendant returned its keys to the premises to plaintiff raise an issue of fact under the circumstances. A landlord's retention of keys returned by a tenant who leaves leased premises does not establish an acceptance of a surrender unless accompanied by additional evidence reflect-

ing an intent by both parties to terminate the lease (*see Thomas v Nelson,* 69 NY 118, 121 [1877]; 2 NY PJI 1117 [2004]; 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 26:20, at 296-297 [4th ed]; *cf. Brock Enters. v Dunham's Bay Boat Co.,* 292 AD2d 681, 682-683 [2002]). Here, the keys were returned at about the same time that defendant's attorney notified plaintiff that defendant was leaving the premises and inquired about plaintiff's position. Plaintiff responded promptly with a written letter setting forth the amount due under the lease through August 2004 and demanding payment. Plaintiff did not take possession or obtain a new tenant for the premises. Indeed, defendant offered no evidence of any acts by plaintiff constituting an acceptance of its surrender, other than the mere retention of the returned keys. This act, alone, was insufficient to raise a triable issue.

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.