■ JRK Franklin, LLC, Appellant-Respondent, v 164 East 87th Street LLC, Respondent-Appellant. [812 NYS2d 506]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 24, 2005, which, to the extent appealed, granted defendant landlord's cross motion for summary judgment seeking a declaration that a storage structure erected by a previous tenant constituted a violation of the lease, denied plaintiff-tenant's motion for a *Yellowstone* injunction as moot, and awarded defendant attorneys' fees, unanimously modified, on the law, plaintiff's motion for a *Yellowstone* injunction granted, defendant's cross motion denied, the award of attorneys' fees vacated, a declaration issued that plaintiff's refusal to remove the extension structure and shed does not constitute a default under the terms of the lease, and otherwise affirmed, with costs in favor of plaintiff.

This action arose when defendant notified plaintiff by letter in May 2005 that it was in default on its commercial lease. The alleged violations, allegedly first discovered two months prior, consisted of the construction, without the landlord's written consent, of a small, one-story storage structure attached to the rear of the hotel premises, and a small, free-standing metal storage shed also located at the rear of the premises. The default letter stated, inter alia, that the landlord would cancel the lease in 30 days unless the violations were cured by removal of the structures. The storage structure predated plaintiff's lease, having been built in 1998; however, the metal shed was installed by plaintiff. Each is readily visible from the defendant's place of business located on the adjacent property, and, in any event, the lease expressly provides the landlord with a right of entry.

The default notice, to the extent that it cited the attached storage structure, conflicted with an estoppel certificate, which plaintiff had demanded from defendant as a condition precedent to purchasing and taking assignment of the ground lease in October 2003. The estoppel certificate states in relevant part:

"To the best knowledge of Ground Lessor, there is no existing

default by Ground Lessee in the performance and observance of Ground Lessee's obligations under the Ground Lease . . .

"To the best knowledge of Ground Lessor, no event has occurred which, with the giving of notice or passage of time, or both, would constitute a default by Ground Lessee under the Ground Lease."

The motion court erred in failing to enforce the estoppel certificate. As noted above, the record evidence establishes that defendant made representations in the certificate contrary to those it asserts here, that defendant intended such representations be acted upon, that plaintiff detrimentally relied upon those representations, and that defendant at least had constructive, if not actual, knowledge of the true state of affairs (*see Health-Loom Corp. v Soho Plaza Corp.*, 272 AD2d 179, 181 [2000]). In addition to the above, defendant had a duty and the ability (right of entry) to investigate before voluntarily certifying an absence of any tenant lease defaults (*see Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 587 [1981] [recovery based on an estoppel certificate turns upon "the long-established principle that 'where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss, must sustain it' "]). Also, the lease expressly provides that plaintiff is entitled to rely upon defendant's representations in the estoppel certificate. Moreover, an estoppel certificate will be enforced unless the certifying party can show a defense to the making of the document, such as fraud or duress, or that the assignee accepted the certificate with knowledge of the contrary, and true, state of the facts (*see id.* at 586-587). No such defense was asserted here, and no evidence was submitted to establish that plaintiff knew the representations in the certificate to be false.

The motion court correctly found that the metal storage shed did not violate the lease. The lease provision at issue requires, inter alia, the landlord's prior written consent for alterations that would "affect the exterior of the building," which the shed, a free-standing structure, does not. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.