■ PEACH PARKING CORP., Respondent, v 346 WEST 40TH STREET, LLC, Defendant, THE HERTZ CORPORATION, Respondent, and KINNEY SYSTEM, INC., Appellant. [843 NYS2d 259]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 5, 2007, which, to the extent appealed from, denied the motion of defendant Kinney System, Inc. (Kinney) for summary judgment dismissing the complaint and cross claims asserted against it, unanimously affirmed, with costs.

In this action to determine which of the parties is responsible for the cost of repairing the subject building that is used as a parking garage, the motion court properly determined that triable issues preclude summary judgment in Kinney's favor, including whether Kinney accepted defendant owner 346 West 40th Street, LLC's estoppel certificate certifying that the premises had been maintained by Kinney as required by the Prime Lease with knowledge of the contrary, and true, state of the facts (*see Bush Realty Assoc. v A.M. Cosmetics*, 2 AD3d 270 [2003]; *and see JRK Franklin, LLC v 164 E. 87th St. LLC*, 27 AD3d 392 [2006], *lv denied* 7 NY3d 705 [2006]). Kinney was also not entitled to summary judgment on the basis that the owner entered into a side agreement with plaintiff subtenant Peach Parking Corp. (Peach) to lease the premises directly to Peach following the expiration of Kinney's lease with the owner. There is no indication that the owner intended to release Kinney from its obligations under the Prime Lease (*see Water St. Dev. Corp. v City of New York*, 220 AD2d 289 [1995], *lv denied* 88 NY2d 809 [1996]). Nor are we persuaded by Kinney's claim that summary judgment was warranted because the $50,000 cap on structural repairs to be performed by the tenant has been reached. Even if the cap were reached, triable issues exist regarding whether Kinney, Peach and/or defendant sub-subtenant the Hertz Corporation (Hertz) recklessly or intentionally exacerbated the structural damage by failing to perform required maintenance or through misuse of the premises. Our recent decision in *Peach Parking Corp. v 346 W. 40th St., LLC* (42 AD3d 82 [2007]), in which we reversed the motion court's decision to grant Hertz leave to amend its answer to interpose claims alleging that it was fraudulently induced into entering into the sub-sublease for the premises, does not undermine the basis for the motion court's appropriate denial of Kinney's motion for summary judgment.

We have considered Kinney's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.