■ 4400 EQUITIES, INC., Respondent, v GURMIT SINGH DHINSA, Also Known as GURMEET SINGH DHINSA, Appellant. [862 NYS2d 512]—

In an action to recover damages for the breach of a commercial lease, the defendant appeals from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated May 21, 2007, as granted the plaintiff's renewed motion for summary judgment to the extent of awarding it summary judgment on the issue of liability and directing a hearing on the issue of damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's renewed motion for summary judgment is denied and, upon searching the record (*see* CPLR 3212 [b]), summary judgment is awarded to the defendant dismissing so much of the complaint as seeks to recover damages pertaining to the period from and after July 30, 1998.

We agree with the Supreme Court that the evidence in this case established that as of July 30, 1998, there was a surrender by operation of law, of the lease between the parties, which was accepted by the plaintiff (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986]; *Centurian Dev. v Kenford Co.*, 60 AD2d 96, 100 [1977]). However, we disagree with the proposition that the defendant is liable for any purported damages the plaintiff alleges accrued from and after that date (*see*

*Underhill v Collins,* 132 NY 269, 271 [1892]; *Bay Plaza Estates v New York Univ.,* 257 AD2d 472, 473 [1999]; *Altamuro v Capoccetta,* 212 AD2d 904, 905 [1995]). The provision upon which the Supreme Court relied in holding the defendant liable, paragraph 23 of the parties' lease, is not applicable where, as here, there has been a surrender of the lease and acceptance thereof, and even if that were not so, the plaintiff did not comply with any of the notification provisions of that paragraph.

Accordingly, we search the record and award the defendant summary judgment dismissing so much of the complaint as seeks to recover damages pertaining to the period from and after July 30, 1998.

As for the balance of the plaintiff's complaint, which, inter alia, seeks to recover damages for the period prior to July 30, 1998, pertaining to "unpaid rents," "additional rents," and "destruction to the premises," the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Therefore, the Supreme Court erred in holding that the plaintiff was entitled to summary judgment on the issue of liability with respect to that part of the complaint. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur. [*See* 2007 NY Slip Op 31443(U).]