■ FORD COYLE PROPERTIES, INC., Respondent, v 3029 AVE-NUE V REALTY, LLC, et al., Appellants. [881 NYS2d 146]—

In an action to recover damages for breach of a commercial lease, the defendants appeal from an order of the Supreme Court, Nassau County (Lally, J.), entered January 15, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A surrender by operation of law occurs when the parties to a lease do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated" (*Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986] [citations omitted]). A surrender by operation of law is inferred from the parties' conduct (*id.*), where not only must the tenant abandon the premises, but the landlord must accept the premises as a surrender (*see Dagett v Champney*, 122 App Div 254, 256 [1907]). The mere retention of keys to the premises by the landlord after the tenant has returned them does not alone constitute a surrender by operation of law (*see Thomas v Nelson*, 69 NY 118 [1877]). Whether or not a surrender by operation of law has occurred in a particular case is a factual determination (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d at 692; *Brock Enters. v Dunham's Bay Boat Co.*, 292 AD2d 681, 682 [2002]).

Here, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Although the defendants established their prima facie entitlement to summary judgment on the ground that there had been a surrender of the lease as a matter of law (*see generally 4400 Equities, Inc. v Dhinsa*, 52 AD3d 654 [2008]; *Deer Hills Hardware v Conlin Realty Corp.*, 292 AD2d 565, 565-566 [2002]; *Brock Enters. v Dunham's Bay Boat Co.*, 292 AD2d at 683), the plaintiff raised triable issues of fact regarding its intent in re-letting the premises in April 2006 and whether or not it accepted control and possession of the subject premises upon retaining the keys from the defendants in September 2004 (*see generally Stahl Assoc. Co. v Mapes*, 111 AD2d 626, 630 [1985]; *cf. 80 State St. v Allwen, Inc.*, 6 AD3d 978, 978-979 [2004]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.