OPINION OF THE COURT
Per Curiam.
Order, entered January 28, 2011, modified by granting landlord’s motion for partial summary judgment as to liability on its claim for rent and additional rent and remanding the matter for a trial on damages; as modified, order affirmed, without costs.
Petitioner landlord demonstrated entitlement to partial summary judgment on the issue of tenant’s liability for the rent and additional rent sought in this commercial nonpayment proceeding. Tenant’s obligation to pay the consumer price index and real estate tax escalations sought by landlord pursuant to the terms of the initial March 1994 lease agreement entered into by the parties’ predecessors was firmly established in the voluminous record developed below, which included, inter alia, the aforesaid 1994 lease; an August 2008 “Tenant Estoppel Certificate,” by which tenant expressly agreed that it was “occupying the premises demised pursuant to the terms of a lease dated March 15, 1994,” and successive assignments of the 1994 lease, including, most significantly here, a May 2000 “Assignment & Surrender Agreement” — the existence of which tenant flatly (and falsely) denied until the document was produced on landlord’s renewed motion for summary judgment — in which tenant, as assignee, stipulated that it was “hereby assuming] all obligations” arising under the March 15, 1994 lease agreement and that the terms of that agreement were to remain “in full force and effect.”
Landlord’s evidentiary submissions thus conclusively established the binding effect of the 1994 lease agreement sued upon, and negated tenant’s contrary assertion that the “Standard Form of Store Lease” directly entered into by the parties in July 2000 was a stand-alone agreement from which tenant’s rent obligations were solely derived. In this connection, we find *74 no basis to deny effect to the clear terms of the August 2008 estoppel certificate (see generally JRK Franklin, LLC v 164 E. 87th St. LLC, 27 AD3d 392 [2006]) or the long concealed May 2000 lease assignment. With respect to the latter, it does not avail tenant that landlord’s predecessor may not have consented to the lease assignment in favor of tenant.
“[I]t is well settled that an assignment of a lease in violation of the usual restrictive covenant contained in the lease is not void, but voidable . . .
“[T]he restriction on assignments is for the benefit of the landlord, and may be availed of only by him. It affords the assignee no rights whatsoever. [Where, as here,] the landlord does not void the assignment, and the assignee has accepted the assignment, the liability of the assignee, as assignee, is complete” (1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 9:27, at 357-358 [4th ed]).
Triable issues remain, however, on the issue of damages, including those relating to the timeliness and efficacy of the January 20, 2009 dispute letter sent by tenant’s manager in response to the landlord’s initial rent escalation statement (cf. Home Ins. Co. v Olympia & York Maiden Lane Co., 219 AD2d 469 [1995]).
We have considered the arguments raised by tenant on its cross appeal and find them unavailing.
Torres, J.P., Shulman and Hunter, Jr., JJ., concur.