In an action to recover damages for breach of a lease, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated March 17, 2011, as denied its cross motion, inter alia, for summary judgment on the complaint and, in effect, pursuant to CPLR 3211 (b) to dismiss the affirmative defenses.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff’s cross motion which was, in effect, pursuant to CPLR 3211 (b) to dismiss the third affirmative defense and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
“A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated” (Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]; see Ford Coyle Props., Inc. v 3029 Ave. V Realty, LLC, 63 AD3d 782 [2009]; 4400 Equities, Inc. v Dhinsa, 52 AD3d 654, 654-655 [2008]; Levitt v Zindler, 136 App Div 695, 696 [1910]). “A surrender by operation of law is inferred from the parties’ conduct” (Ford Coyle Props., Inc. v 3029 Ave. V Realty, LLC, 63 AD3d at 782). “Whether a surrender by operation of law has occurred is a determination to be made on the facts” (Riverside Research Inst. v KMGA, Inc., 68 NY2d at 692).
Although acceptance of a tenant’s surrender would generally release the tenant from further rental obligation under the terms of the lease, parties are free to contract otherwise (see Holy Props. v Cole Prods., 87 NY2d 130, 133-134 [1995]; Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 222 [2006]; Master Lease Corp. v Manhattan Limousine, 177 AD2d 85, 89 [1992]).
Here, contrary to the plaintiff landlord’s contention, the provisions upon which it seeks to hold the defendant tenants liable, paragraphs 18.3 and 42 of the parties’ lease, are not applicable where there has been a surrender of the lease by operation of law (see 4400 Equities, Inc. v Dhinsa, 52 AD3d at 654-655). The plaintiff failed to tender sufficient evidence to demonstrate the absence of any material issues of fact as to whether, as it claims, no surrender of the lease as a matter of law occurred (see gener *1255 ally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Ford Coyle Props., Inc. v 3029 Ave. V Realty, LLC, 63 AD3d at 782; 4400 Equities, Inc. v Dhinsa, 52 AD3d at 654-655). Accordingly, the Supreme Court properly denied that branch of the plaintiffs cross motion which was for summary judgment on the complaint.
A party may move to dismiss a defense “on the ground that a defense is not stated or has no merit” (CPLR 3211 [b]). “In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference” (Fireman’s Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2008]; see Greco v Christoffersen, 70 AD3d 769, 771 [2010]). “[I]f there is any doubt as to the availability of a defense, it should not be dismissed” (Fireman’s Fund Ins. Co. v Farrell, 57 AD3d at 723; see Becker v Elm A.C. Corp., 143 AD2d 965, 966 [1988]). Here, the Supreme Court should have granted that branch of the plaintiffs cross motion which was to dismiss the third affirmative defense, which asserted that the complaint failed to state a cause of action, since the complaint was sufficient to state a cause of action.
However, the Supreme Court properly denied that branch of the plaintiffs cross motion which was to dismiss the defendants’ other affirmative defenses. Taking the allegations in the first and second affirmative defenses as true, the defendants sufficiently stated an affirmative defense of surrender by operation of law (see e.g. Riverside Research Inst. v KMGA, Inc., 68 NY2d at 691-692), and the plaintiff has not shown that this affirmative defense is without merit as a matter of law. Furthermore, taking the allegations in the fourth affirmative defense as true, the defendants sufficiently stated an affirmative defense of wrongful accounting (see Fireman’s Fund Ins. Co. v Farrell, 57 AD3d at 723), and the plaintiff did not show that this affirmative defense is without merit as a matter of law.
The parties’ remaining contentions are without merit. Rivera, J.E, Florio, Chambers and Cohen, JJ., concur.