■ CHESTNUT REALTY CORP., Respondent, v MALVIN KAMINSKY et al., Appellants. [18 NYS3d 650]—

In an action to recover damages for breach of a lease, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered January 23, 2014, as, upon a decision dated October 29, 2013, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $94,610.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the complaint is dismissed.

"A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated" (*Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986]; *see Bay Plaza Estates v New York Univ.*, 257 AD2d 472, 473 [1999]). A surrender by operation of law is to be inferred from the parties' conduct (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d at 692; *Matter of Wasserman v Ewing*, 270 AD2d 427, 428 [2000]). Whether a surrender by operation of law has occurred is a determination to be made on the facts (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d at 692; *Brock Enters. v Dunham's Bay Boat Co.*, 292 AD2d 681, 682 [2002]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses

(*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *affd* 19 NY3d 223 [2012]). In exercising that power, we conclude that, contrary to the trial court's determination, the evidence established that there was a surrender of the parties' lease by operation of law and, therefore, the defendants are not liable for the rental arrears at issue in this matter. The trial court's determination that paragraph 18.3 of the lease rebutted the evidence supporting a surrender by operation of law is barred by the law of the case doctrine, because we held in a prior appeal of this matter (*see Chestnut Realty Corp. v Kaminski*, 95 AD3d 1254 [2012]) that paragraph 18.3 of the parties' lease is not applicable where there has been a surrender by operation of law (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007]).

Accordingly, the judgment must be reversed, and the complaint dismissed. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.