*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 28, 2016 520710
_____

DAVID A. FRAGOMENI et al.,
                    Appellants,
        v                                    MEMORANDUM AND ORDER

AIM SERVICES, INC.,
                    Respondent.
_____

Calendar Date: November 20, 2015

Before: Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Chenel Myers, LLP, Albany (Mark A. Myers of counsel), for appellants.

        Kyran D. Nigro, Saratoga Springs, for respondent.

_____


Lynch, J.

        Appeal from an order of the Supreme Court (Crowell, J.), entered December 22, 2014 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

        Plaintiffs commenced this action to recover rent due for premises leased to defendant in the City of Saratoga Springs, Saratoga County for a four-year term, running from May 1, 2009 through August 31, 2013. In January 2011, defendant notified plaintiffs that it had determined to construct a new building outside the city and, thus, wished to terminate its lease by February 29, 2012. Defendant provided advance notice to allow plaintiffs time to relet the premises so as to mitigate defendant's rental obligations under the lease. It is undisputed that defendant relocated the majority of its business operations to the new location in January 2012, but continued to pay rent

and utilize the leased premises.  In July 2012, plaintiffs entered into a lease with a new tenant for a portion of the subject premises, without notice to defendant.  After defendant discovered the new tenant, and contacted plaintiffs about a rent adjustment and name change for the utility account, plaintiffs placed all the utility accounts in their own names.  In August 2012, plaintiffs entered a lease with a second new tenant for part of the subject premises, again without notice to defendant. In the meantime, plaintiffs changed the locks to the premises, ostensibly following a burglary involving the theft of plaintiffs' tools.  Plaintiffs declined defendant's request for a new key to access its remaining premises, explaining "the area in question is not available due to ongoing construction and the liability issues that come with that."  In response, defendant discontinued the rent payments, and this action ensued.  After joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint, finding that there was an acceptance of the lease surrender by operation of law, by which defendant was released from any further obligations under the lease.  Plaintiffs appeal.

We affirm.  The parties agree that defendant effectively surrendered the premises in January 2012, but disagree as to whether plaintiffs accepted defendant's surrender by operation of law.  "A surrender by operation of law occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated" (Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691 [1986] [citations omitted]; accord Chestnut Realty Corp. v Kaminski, 95 AD3d 1254, 1254 [2012]; Ford Coyle Props., Inc. v 3029 Ave. V Realty, LLC, 63 AD3d 782, 782 [2009]; Brock Enters. v Dunham's Bay Boat Co., 292 AD2d 681, 682 [2002]).  A surrender by operation of law is inferred from the conduct of the parties, namely, the tenant's abandonment of the demised premises and the landlord's acceptance thereof; whether a surrender by operation of law has occurred in a particular case is generally a factual determination (see Riverside Research Inst. v KMGA, Inc., 68 NY2d at 691; Chestnut Realty Corp. v Kaminski, 95 AD3d at 1254; Ford Coyle Props., Inc. v 3029 Ave. V Realty, LLC, 63 AD3d at 782; Brock Enters. v Dunham's Bay Boat Co., 292 AD2d at 682).

Here, defendant established that plaintiffs relet parts of the premises without notice to defendant and refused to provide defendant with a key to the remaining premises, after having changed the locks. Plaintiffs also placed all the utility accounts in their own names. Plaintiffs' assertion that a question of fact was raised as to whether there was construction in the leased premises precluding defendant's use is unavailing. By their own account, plaintiffs refused to provide defendant with new keys and access to the "area in question" due to "ongoing construction" and liability concerns. Whether or not plaintiffs were simply replacing a generator outside the leased premises does not alter their refusal to allow defendant access to the premises. Nor do we overlook the fact that, in their complaint, plaintiffs seek to recover the full rent payable under the lease, without offset for rent received from the two new tenants (see Brock Enters. v Dunham's Bay Boat Co., 292 AD2d at 683). As such, we conclude that Supreme Court properly determined that plaintiffs accepted the surrender of the lease by operation of law.

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court