Aerotek, Inc. v 757 3rd Ave. Assoc., LLC (2018 NY Slip Op 03943)





Aerotek, Inc. v 757 3rd Ave. Assoc., LLC


2018 NY Slip Op 03943


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6777 654294/16

[*1]Aerotek, Inc., et al., Plaintiffs-Respondents,
v
757 3rd Avenue Associates, LLC, Defendant-Appellant, MEPT 757 Third Avenue, LLC, Defendant.


Ganfer & Shore, LLP, New York (Mark A. Berman of counsel), for appellant.
Welby Brady & Greenblatt, LLP, White Plains (Gregory J. Spaun of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 23, 2017, which, to the extent appealed from, denied defendant 757 3rd Avenue Associates, LLC's motion to dismiss the complaint as against it, unanimously affirmed, without costs.
Plaintiffs seek to recover tenant improvement costs pursuant to two leases. Defendant landlord and seller, 757 3rd Avenue Associates, LLC, argues that plaintiffs are estopped to assert their right to reimbursement because they executed tenant estoppel certificates stating that defendant 757 was not in material default of the leases and that they had no further rights to receive landlord contributions for tenant improvements. Since the tenant estoppel certificates state that they are being made with the knowledge that defendant 757 (among others) will rely upon them, defendant 757 is an appropriate party to seek to enforce these certificates.
However, the complaint alleges that defendant 757 was aware of the reimbursement request beginning in December 2014, and that from that date until April 2015, when it received the tenant estoppel certificates, plaintiffs took no action to suggest that they were withdrawing their reimbursement request or that they were willing to forgo payment. Accepted as true for purposes of this motion to dismiss, the allegations of the complaint show that defendant 757 cannot enforce the estoppel certificates, because it accepted them knowing "the contrary, and true," fact that plaintiffs were still seeking reimbursement for the improvement costs (see JRK Franklin, LLC v 164 E. 87th St. LLC, 27 AD3d 392, 393 [1st Dept 2006], lv denied 7 NY3d 705 [2006]; Peach Parking Corp. v 346 W. 40th St., LLC, 44 AD3d 417 [1st Dept 2007]; NHS Natl. Health Servs. v Kaufman, 250 AD2d 528 [1st Dept 1998]; Flatbush Portfolio SPE, LLC v Taro Sushi N.Y., Inc., 2016 NY Slip Op 31207[U] [Sup Ct, Kings County, June 27, 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK