Rockaway One Company LLC, 
against
Chardell Alston, Defendant-Appellant.



Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Brenda Rivera, J.), entered on or about October 17, 2018, after a nonjury trial, which awarded plaintiff damages in the principal sum of $9,947.76.




Per Curiam.
Judgment (Brenda Rivera, J.), entered on or about October 17, 2018, modified by reducing plaintiff's recovery to the principal sum of $1,248.33; as modified, judgment affirmed, with $25 costs. 
Plaintiff-landlord commenced this plenary action for unpaid rent against defendant, the former rent-stabilized tenant of the subject Far Rockaway apartment. The trial evidence showed, and it was essentially undisputed, that defendant vacated the apartment on or about January 8, 2016, prior to the December 31, 2016 expiration of her lease. Defendant's vacatur was in accordance with the terms of a prior stipulation between the parties. That stipulation, entered into during the pendency of a nonpayment proceeding, expressly provided for defendant's "surrender of possession prior to [January 8, 2016]" in consideration for the discontinuance of that proceeding. In accordance therewith, defendant vacated on or about that date and returned the keys to plaintiff. Plaintiff relet the premises, effective August 15, 2016, and received rent payments from a new tenant, without demanding the rental arrears at issue in this matter until eight months later, in mid-August 2017.
Exercising our authority to review the record and render the judgment which should have been rendered after a nonjury trial (see CPLR 5501[d]; Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we conclude that there was a surrender by operation of law (see Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]; Brock Enters. v Dunham's Bay Boat Co., 292 AD2d 681, 682 [2002]; Stahl Assoc. Co. v Mapes, 111 AD2d 626, 628 [1985]). Although defendant's answer did not specifically plead a defense based upon surrender, "assertion of the defense cannot have come as a surprise to plaintiff" (Bay Plaza Estates v New York Univ., 257 AD2d 472, 473 [1999]).
As a result of the surrender, we hold that defendant is not liable for rent arrears after January 31, 2016 (see Chestnut Realty Corp. v Kaminsky, 132 AD3d 797 [2015]). In this regard, we disagree with the trial court's conclusion that defendant is liable for post-surrender rent [*2]pursuant to the terms of the aforementioned pro se stipulation, which provided, in relevant part, that the proposed surrender would be "without prejudice to claims for past and future rents." Manifestly, this provision is not a resolution on the merits of the claims for past and future rent, but rather a clear acknowledgment by the parties that any monetary claims arising from the proposed surrender have yet to be decided. Indeed, there is nothing in the stipulation to indicate any intention on the part of defendant to pay rent for one year after her surrender or to waive any defense to a claim for post-surrender rent. As the trial court itself noted, it would "def[y] logic" for defendant to vacate her stabilized apartment of many years, while also agreeing to pay rent for one year after her vacatur.
In accordance with the foregoing, we limit plaintiff's recovery to the principal sum of $1,248.33, reflecting the December 2015 and January 2016 rent ($1,145.87 per month) that is owed, plus the major capital improvement (MCI) increase for those two months ($51.23 per month), less an offset of $1,145.87 for defendant's security deposit
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 01, 2019