Ibrahim Ulukaya, Plaintiff-Appellant, 
against
Pan Am Equities, Defendant-Respondent.




Plaintiff appeals from a judgment of the Civil Court of the City of New York, New York County (Louis L. Nock, J.), entered May 15, 2019, after a nonjury trial, in favor of defendant dismissing the action and awarding defendant damages on its counterclaim in the principal sum of $10,388.28.




Per Curiam.
Judgment (Louis L. Nock, J.), entered May 15, 2019, affirmed, without costs.
We find no cause to disturb the trial court's determination that plaintiff-tenant failed to establish his breach of warranty of habitability claim, a finding which rested in large measure on the court's negative assessment of the credibility of tenant and his witness (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). It was within the court's province, as factfinder, to reject plaintiff's contention that the unregulated apartment was uninhabitable due to, inter alia, mold, vermin, dust, and broken appliances, since plaintiff inspected the apartment ten days earlier and noticed no such conditions, and given that plaintiff commenced a nearly identical lawsuit against his previous landlord on the same day he commenced the instant action. The court was also entitled to credit the testimony of the building superintendent concerning the absence of such conditions in the apartment.
Nor do we have any basis to disturb the award to defendant-landlord on the counterclaim for unpaid rent. Plaintiff adduced no proof to controvert landlord's claim of unpaid rent for January 2017, nor did he establish a surrender of possession by operation of law in February 2017, since he offered no evidence of acts constituting an acceptance of his surrender, other than the retention of the returned keys (see Ford Coyle Props., Inc. v 3029 Ave. v Realty, LLC, 63 AD3d 782 [2009]; 80 State St. v Allwen, Inc., 6 AD3d 978, 979 [2004]).
The court providently exercised its discretion in denying plaintiff's motion to amend the complaint to add a claim for paralegal services, since the proposed claim lacked merit (see Spitzer v Schussel, 48 AD3d 233 [2008]).
Plaintiff's arguments concerning the absence of his previously-retained lawyer at the trial are improperly raised for the first time on appeal, and thus not preserved for review (see Estreich v Jewish Home Lifecare, 178 AD3d 543 [2019]). Plaintiff's remaining arguments, to the extent preserved for appellate review, have been considered and rejected. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: April 9, 2020