■ KEYSTONE MECHANICAL CORP., Respondent, v MICHAEL CONDE et al., Appellants. [765 NYS2d 784] —Order, Supreme Court, New York County (Louis York, J.), entered June 6, 2003, which, in this action for breach of contract, granted plaintiff's motion for summary judgment to the extent of finding the individual defendants liable to plaintiff, and directed a referee hearing on the issue of damages, unanimously affirmed, with costs.

Plaintiff subcontractor was entitled to summary judgment against individual defendants Conde and Campi based upon evidence establishing that those defendants were, inter alia, officers of the corporate defendant and that the corporate defendant, a general contractor, although dissolved by proclamation for nonpayment of franchise taxes (*see* Tax Law § 203-a; Business Corporation Law §§ 1009, 1005), was utilized to enter into subcontract agreements with plaintiff, and then failed to pay plaintiff for its services thereunder (*see Brandes Meat Corp. v Cromer*, 146 AD2d 666 [1989]; *WorldCom, Inc. v Sandoval*, 182 Misc 2d 1021 [1999]). Conde's conclusory assertions as to his claimed efforts to discover why the corporate defendant had

been dissolved were insufficient to raise any triable issue as to his liability (*see Oil Heat Inst. of Long Is. Ins. Trust v Gerber Life Ins. Co.*, 289 AD2d 109, 111 [2001]), and the conclusive effect of the documentary evidence establishing that Campi was a vice-president of the corporate defendant was not blunted by defendants' bare claims to the contrary (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967 [1988]). Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.