■ VENTRESCA REALTY CORP., Respondent, v HOULIHAN PARNES CORP., Appellant. [789 NYS2d 686]—

In an action to recover damages for breach of a lease, the defendant appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), dated December 12, 2003, which, upon a decision of the same court dated December 4, 2003, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $554,256.52, and failed to determine its counterclaim.

Ordered that the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the defendant's counterclaims, and the entry of an amended judgment accordingly.

After weighing "the relative probative force of conflicting testimony as well as conflicting inferences which may be drawn therefrom" (*Sayed v Rapp,* 10 AD3d 717, 719 [2004], quoting *Matter of Fasano v State of New York,* 113 AD2d 885, 888 [1985]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492 [1983]; *We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465 [2001]), we conclude that, contrary to the defendant's contention, there was no surrender of the parties' commercial lease, either expressly or by operation of law (*see*

*Riverside Research Inst. v KMGA, Inc.,* 68 NY2d 689, 691-692 [1986]; *Matter of Wasserman v Ewing,* 270 AD2d 427 [2000]; *Levitt v Zindler,* 136 App Div 695 [1910]; *Dorrance v Bonesteel,* 51 App Div 129 [1900]).

We note that the defendant asserted various counterclaims, and at trial, the parties submitted evidence relevant to some of them. However, in its decision after trial, the Supreme Court made no determination with respect to the counterclaims, and the ensuing judgment does not address them. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of the defendant's counterclaims, and the entry of an amended judgment accordingly. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.