MARIS GORDON, Respondent-Appellant, v RAYMOND ESHAGHOFF et al., Appellants-Respondents. [876 NYS2d 433]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 26, 2007, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $196,056, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as failed to award her the sum of $18,000 representing the defendants' security deposit and failed to award her the sum of $50 per day as a late fee for all rent payments not made within 10 days of the due date.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendants' contention, the facts adduced at the nonjury trial do not support a finding that there was surrender of the parties' residential lease by operation of law (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 691-692 [1986]; *Ventresca Realty Corp. v Houlihan Parnes Corp.*, 15 AD3d 570, 570-571 [2005]; *cf. 4400 Equities, Inc. v Dhinsa*, 52

AD3d 654 [2008]). Further, the Supreme Court properly determined that the plaintiff, a residential landlord, was under no duty to mitigate her damages caused by the defendants' breach of the parties' lease (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 133-134 [1995]; *Rios v Carrillo,* 53 AD3d 111, 113-114 [2008]).

The Supreme Court properly declined to award to the plaintiff the defendants' $18,000 security deposit. The lease provision that the plaintiff relies upon simply provides, in relevant part, the following: "[T]enant shall not attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply any such security deposit at any time in lieu of payment of rent. If Tenant fails to comply, such security deposit shall be forfeited and Landlord may recover the rent due as if any such deposit had not been applied or deducted from the rent due." "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 425 [1977]). Here, the lease provision regarding the forfeiture of the security deposit does not bear a reasonable relation to the amount of probable actual loss, and actual loss is susceptible of calculation (*see Construction by Singletree, Inc. v Lowe,* 55 AD3d 861 [2008]).

The Supreme Court also properly declined to award the plaintiff the sum of $50 per day as a late fee for all rent payments not made within 10 days of the due date. While the lease provided that the landlord "may" impose the late fee, there was no evidence submitted at the trial to demonstrate that the plaintiff ever imposed the fee.

The defendants' remaining contention is without merit. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.