MORAN ENTERPRISES, INC., Appellant, v MARGARET HURST et al., Respondents. [888 NYS2d 109]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered January 17, 2008, as granted those branches of the motion of the defendant Margaret Hurst and the cross motion of the defendants Heath Berger and Steinberg, Fineo, Berger & Fischoff, P.C., which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them and as, in effect, denied, as academic, its cross motion to compel the defendant Margaret Hurst to answer the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Margaret Hurst which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Heath Berger and

Steinberg, Fineo, Berger & Fischoff, P.C., which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them and substituting therefor provisions denying that branch of the cross motion and granting that branch of the cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against the defendants Heath Berger and Steinberg, Fineo, Berger & Fischoff, P.C., and (3) by deleting the provision thereof denying, as academic, the plaintiff's cross motion to compel the defendant Margaret Hurst to answer the complaint and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by Margaret Hurst and one bill of costs to Heath Berger and Steinberg, Fineo, Berger & Fischoff, P.C., payable by the plaintiff.

The plaintiff, Moran Enterprises, Inc. (hereinafter MEI), was incorporated in New York in January 1996. On or before August 15, 2000, MEI retained attorney Margaret Hurst to represent it in certain matters, including filing a Chapter 11 petition for bankruptcy on its behalf. In November 2000, Hurst left active practice and transferred her clients to another attorney. On December 27, 2000, MEI was dissolved by the Secretary of State pursuant to Tax Law § 203-a for failure to pay franchise taxes. On July 23, 2001, MEI retained attorney Heath Berger and the law firm Steinberg, Fineo, Berger & Fischoff, P.C. (then known as Steinberg, Fineo, Berger & Barone, P.C.) (hereinafter together the Berger defendants) to file another Chapter 11 bankruptcy petition on its behalf.

On or about October 30, 2003, MEI and its principal commenced an action against Hurst, the Berger defendants, and other attorneys alleging, inter alia, legal malpractice. The Supreme Court granted the defendants' motions for summary judgment dismissing the action on the ground, among others, that MEI, as a dissolved corporation, lacked standing to commence the action and assert the claims therein. On appeal, in a decision and order dated September 19, 2006, this Court affirmed the dismissal of the action insofar as asserted by MEI on the ground that it failed to appear by an attorney as required by CPLR 321 (a). The decision and order did not address the issue of MEI's standing or capacity to bring suit (see Moran v Hurst, 32 AD3d 909 [2006]).

MEI retained counsel and, on or about March 15, 2007, commenced this action against Hurst and the Berger defendants making essentially the same allegations. Hurst made a pre-answer motion, inter alia, to dismiss the complaint insofar as

asserted against her pursuant to CPLR 3211 (a) (3), (5), (7) and (10), arguing that MEI did not have the legal capacity to sue since it was a dissolved corporation and that, in any event, the action was barred by res judicata, collateral estoppel, and the statute of limitations, among other grounds. The Berger defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them pursuant to CPLR 3212, or in the alternative, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3), (5) and (7). MEI cross-moved to compel Hurst to answer the complaint. The Supreme Court granted the defendants' motion and cross motion to the extent of dismissing the complaint pursuant to CPLR 3211 (a) (5), finding that the action was barred by res judicata. As such, it, in effect, denied MEI's cross motion as academic. MEI appeals.

The Supreme Court erred in dismissing the complaint pursuant to CPLR 3211 (a) (5). The principle of res judicata bars relitigation of claims where a judgment on the merits exists from a prior action between the same parties involving the same subject matter (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]). Dismissal of the prior action insofar as asserted by MEI was upheld by this Court on the ground that MEI failed to appear by an attorney as required by CPLR 321 (a) (*see Moran v Hurst*, 32 AD3d 909 [2006]). Such was not a determination on the merits and thus res judicata does not apply to bar commencement of another action based on the same transactions (*see Sclafani v Story Book Homes*, 294 AD2d 559 [2002]; *Matter of Farkas v New York State Dept. of Civ. Serv.*, 114 AD2d 563 [1985]). Moreover, since the issue of MEI's capacity to commence an action was not determined on appeal, collateral estoppel does not bar relitigation of that issue (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 200 [2008]; *Sabbatini v Galati*, 43 AD3d 1136 [2007]; *Bergstol v Town of Monroe*, 305 AD2d 348 [2003]).

Further, this action was timely commenced pursuant to CPLR 205 (a). Contrary to the Berger defendants' contention, the prior action was commenced by MEI within the meaning of CPLR 205 (a), despite its dismissal for MEI's failure to appear by an attorney (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 249 [1980]; *George v Mt. Sinai Hosp.*, 47 NY2d 170, 176-179 [1979]). Further, the prior action was not terminated by a final judgment on the merits or in another manner which would preclude application of CPLR 205 (a) to extend the statute of limitations.

Although not addressed by the Supreme Court, that branch of

the Berger defendants' cross motion which was to dismiss the complaint insofar as asserted against those defendants on the alternate ground that MEI lacked the capacity to commence this action against those defendants should have been granted (*see* CPLR 3211 [a] [3]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

Pursuant to Tax Law § 203-a, the Secretary of State may dissolve a corporation by proclamation for the nonpayment of franchise taxes. Upon dissolution, the corporation's legal existence terminates (*see Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109 [1986]). A dissolved corporation is prohibited from carrying on new business (*see* Business Corporation Law § 1005 [a] [1]) and does not enjoy the right to bring suit in the courts of this state, except in the limited respects specifically permitted by statute (*see Vantrel Enters. v Vantage Petroleum Corp.*, 270 AD2d 412 [2000]; *De George v Yusko*, 169 AD2d 865 [1991]; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 110-111 [1986]). Business Corporation Law § 1006 provides, in relevant part:

"(a) A dissolved corporation, its directors, officers and shareholders may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place, except as otherwise provided in this chapter or by court order. In particular, and without limiting the generality of the foregoing: . . .

"(4) The corporation may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may be served by or upon it.

"(b) The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution, except as provided in sections 1007 (Notice to creditors; filing or barring claims) or 1008 (Jurisdiction of supreme court to supervise dissolution and liquidation)."

Hurst represented MEI prior to its dissolution. Accordingly, MEI retained the capacity to commence an action against her arising from such representation (*see* Business Corporation Law § 1006 [b]; *cf. Syzygy Sys. Corp. v Bader*, 243 AD2d 336 [1997]). However, the Berger defendants were not retained until after MEI was dissolved and, contrary to MEI's contention, this action does not relate to the winding up of its affairs (*see* Business Corporation Law § 1006 [a] [4]; [b]; *2 N. Broadway Food, Inc. v Anduze*, 33 AD3d 992 [2006]; *St. James Constr. Corp. v Long*, 253 AD2d 754 [1998]; *Syzygy Sys. Corp. v Bader*, 243 AD2d 336

[1997]; *see also In re C-TC 9th Ave. Partnership*, 113 F3d 1304, 1309 [1997]). MEI therefore lacks the capacity to use the courts of this state to enforce obligations arising out of the Berger defendants' representation of the corporation until it has secured retroactive de jure status by payment of delinquent franchise taxes (*see 2 N. Broadway Food, Inc. v Anduze*, 33 AD3d 992 [2006]; *Syzygy Sys. Corp. v Bader*, 243 AD2d 336 [1997]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666 [1989]; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 114 [1986]). Accordingly, the Supreme Court should have granted that branch of the cross motion of the Berger defendants which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3).

As the complaint survives insofar as asserted against Hurst, MEI's cross motion to compel her to answer the complaint also should have been granted.

In light of our determination, the Berger defendants' remaining contentions have been rendered academic. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.