■ MICHAEL RING et al., Appellants, v THE PRINTMAKING WORKSHOP, INC., Respondent. [897 NYS2d 11]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered November 25, 2008, which, after a nonjury trial, directed entry of judgment dismissing the complaint, unanimously reversed, on the law, without costs, to direct the entry of judgment in favor of plaintiffs consistent herewith.

Defendant tenant entered into a commercial lease with plaintiff landlords to occupy space at plaintiffs' premises. The lease ran from August 1, 1997 through July 31, 2004. After defendant fell substantially behind in rent, pursuant to a stipulation of settlement and subsequent court orders, defendant vacated the premises in July 2001. Plaintiffs subsequently brought a June 28, 2002 action against defendant seeking recovery of past arrears and future rent.

The record herein, as well as the stipulation itself, does not contain any facts to indicate that the parties manifestly intended the stipulation to constitute a surrender and acceptance of the premises or that it terminated plaintiffs' rights to recover damages under the lease (see Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]; Connaught Tower Corp. v Nagar, 59 AD3d 218 [2009]; Gordon v Eshaghoff, 60 AD3d 807 [2009]). Neither in the stipulation nor in the record is there any clear and unambiguous waiver by plaintiffs of their rights to recover

under the terms of the lease, regardless of the termination of the landlord-tenant relationship itself (*see Connaught* at 218; *Santamaria v 1125 Park Ave. Corp.*, 238 AD2d 259, 260-261 [1997]). Inasmuch as the parties clearly contracted to make defendant liable for damages following termination, the lease provides that defendant shall be liable for rent after eviction, and that provision is enforceable (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]; *Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221, 222 [2006]). Concur—Gonzalez, J.P., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.