■ RPG CONSULTING, INC., Respondent, v BEDIS ZORMATI, Appellant. [917 NYS2d 897]—

The defendant appealed from a prior order of the Supreme

Court, Westchester County, which granted the plaintiff's motion for summary judgment on the complaint. That appeal was dismissed by decision and order on motion of this Court dated April 2, 2007, for failure to timely perfect in accordance with the Court rules. The defendant also appealed from a subsequent order of the Supreme Court issued in connection with the defendant's motion "to vacate [the judgment] pursuant to CPLR 5015, subdivision (a), paragraph (3)." However, that appeal was dismissed by decision and order on motion of this Court dated August 13, 2007, again for failure to timely perfect in accordance with the Court rules.

Under the circumstances, the doctrine of law of the case requires that we affirm the order dated October 26, 2009, insofar as appealed from. The law of the case doctrine "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in the prior decision" (*Gilligan v Reers*, 255 AD2d 486, 487 [1998] [internal quotation marks omitted]; *see Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]), and to the same questions presented in the same case (*see People v Evans*, 94 NY2d 499, 502 [2000]; *cf. Tillman v Women's Christian Assn. Hosp.*, 272 AD2d 979 [2000]; *Castle v Gaseteria Oil Corp.*, 263 AD2d 523, 523-524 [1999]). This Court's dismissal of the defendant's prior appeals constituted a determination on the merits (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]). The issues raised on those prior appeals and the issue raised on the present appeal relate to the same questions presented in the same case. Accordingly the doctrine of law of the case applies, and the order must be affirmed insofar as appealed from (*see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 21 AD3d 964, 966 [2005]). Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.