In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 13, 2011, as denied those branches of its motion pursuant to CPLR 3211 (b) which were to dismiss the affirmative defenses numbered 1 through 5 and 7 though 15 asserted by the defendant Margaret Hurst.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiffs motion which were to dismiss the affirmative defenses numbered 1 and 4, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the plaintiffs motion which were to dismiss the affirmative defenses numbered 2, 3, 5, 7, 10, 12, 13, 14, and 15, and substituting therefor a provision granting those branches of the motion, with leave to the defendant Margaret Hurst to replead those affirmative defenses; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, Moran Enterprises, Inc. (hereinafter MEI), retained attorney Margaret Hurst to represent it in certain matters, including filing a Chapter 11 petition for bankruptcy on its behalf. A few months later, Hurst left active practice and transferred her clients to another attorney. Soon thereafter, MEI was dissolved by the Secretary of State pursuant to Tax Law § 203-a for failure to pay franchise taxes. MEI thereafter retained the defendant attorney Heath Berger and his firm, the defendant Steinberg, Fineo, Berger & Fischoff, EC., formerly known as Steinberg, Fineo, Berger & Barone, EC. (hereinafter together the Berger defendants), to file another Chapter 11 bankruptcy petition on its behalf.
*915 The plaintiff commenced this action against Hurst and the Berger defendants, alleging, as against Hurst, causes of action to recover damages for breach of contract, legal malpractice, conversion, and unjust enrichment. Hurst made a pre-answer motion, inter alia, to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (3), (5), (7), and (10), alleging, as grounds for dismissal, the plaintiffs lack of capacity, res judicata, collateral estoppel, the statute of limitations, the failure to state a cause of action, and the failure to join necessary parties. The Berger defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, or, in the alternative, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3), (5), and (7). MEI separately cross-moved to compel Hurst to answer the complaint.
In an order entered January 17, 2008, the Supreme Court granted those branches of Hurst’s motion and the Berger defendants’ cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as asserted against each of them, concluding that the action was barred by res judicata by virtue of this Court’s determination on a prior appeal (see Moran v Hurst, 32 AD3d 909 [2006]). The Supreme Court, in effect, denied MEI’s separate cross motion as academic. On appeal, this Court modified the order entered January 17, 2008, and denied those branches of the motion and cross motion which were pursuant to CPLR 3211 (a) (5), granted that branch of the Berger defendants’ cross motion which was pursuant to CPLR 3211 (a) (3), and granted MEI’s cross motion to compel Hurst to answer the complaint. This Court determined that the action was not barred by res judicata, but that, as a dissolved corporation, MEI lacked capacity to commence an action against the Berger defendants. MEI, however, retained capacity to commence an action against Hurst, whose representation of MEI occurred prior to its dissolution (see Moran Enters., Inc. v Hurst, 66 AD3d 972 [2009]). Hurst did not raise any other branches of her motion as alternative grounds for dismissal of the complaint insofar as asserted against her, or in support of the denial of MEI’s cross motion (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]). This Court thus determined that MEI’s cross motion to compel her to answer the complaint should have been granted (see Moran Enters., Inc. v Hurst, 66 AD3d 972 [2009]).
Hurst thereafter answered the complaint and asserted 15 affirmative defenses. MEI moved pursuant to CPLR 3211 (b) to dismiss all of the affirmative defenses, arguing that some were *916 barred by the doctrine of law of the case because they were raised in Hurst’s pre-answer motion to dismiss the complaint insofar as asserted against her, that equitable defenses were unavailable, and that all of the defenses were insufficient since they merely pleaded conclusions of law. The Supreme Court granted that branch of MEI’s motion which was to dismiss the sixth affirmative defense, which Hurst conceded was correct, and otherwise denied the motion. MEI appeals.
Where issues have been raised and determined in a prior appeal, reconsideration of those issues is barred by the doctrine of law of the case (see CPLR 5501 [a]; Aurora Loan Servs., LLC v Grant, 88 AD3d 929, 929 [2011]; Millennium Envtl., Inc. v City of Long Beach of State of N.Y., 56 AD3d 739, 739 [2008]). “The doctrine ‘applies only to legal determinations that were necessarily resolved on the merits in the prior decision,’ and to the same questions presented in the same case” (RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740 [2011], quoting Gilligan v Reers, 255 AD2d 486, 487 [1998] [citation omitted]). It bars reconsideration of issues which were raised and determined against a party or which could have been raised on a prior appeal (see Matter of Ise-Smith v Orok-Edem, 55 AD3d 610, 610 [2008]; Matter of Suzuki-Peters v Peters, 37 AD3d 726, 726 [2007]; Palumbo v Palumbo, 10 AD3d 680, 682 [2004]).
Here, on the prior appeal, Hurst could have raised the other grounds upon which she moved for dismissal of the complaint insofar as asserted against her (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 545-546). This Court’s determination that MEI’s cross motion to compel Hurst to answer the complaint should have been granted “ ‘necessarily resolved on the merits’ ” the grounds for dismissal raised in her preanswer motion to dismiss (RPG Consulting, Inc. v Zormati, 82 AD3d at 740, quoting Gilligan v Reers, 255 AD2d at 487). Thus, reconsideration of those grounds is barred by the doctrine of láw of the case (see Matter of Ise-Smith v Orok-Edem, 55 AD3d 610 [2008]; Gropper v St. Luke’s Hosp. Ctr., 255 AD2d 123, 123 [1998]). Accordingly, the Supreme Court should have granted those branches of MEI’s motion which were to dismiss the first and fourth affirmative defenses, alleging failure to join necessary parties and a failure to state a cause of action, respectively, as barred by the doctrine of law of the case (cf. Butler v Catinella, 58 AD3d 145, 150 [2008]).
Insofar as the complaint asserts a cause of action against Hurst to recover damages for unjust enrichment, equitable affirmative defenses could be properly asserted since the action is not one exclusively at law (see Paramount Film Distrib. Corp. u *917 State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]; cf. Greco v Christoffersen, 70 AD3d 769, 771 [2010]; Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc., 24 AD3d 189, 190 [2005]). Accordingly, the Supreme Court properly denied that branch of MEI’s motion which was to dismiss the equitable affirmative defenses asserted by Hurst on the ground that they are unavailable in this action.
The Supreme Court should have granted those branches of MEI’s motion which were to dismiss Hurst’s affirmative defenses numbered 2, 3, 5, 7, 10, 12, 13, 14, and 15, since they merely pleaded conclusions of law without any supporting facts (see Morgenstern v Cohon, 2 NY2d 302 [1957]; Fireman’s Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2008]; 170 W. Vil. Assoc. v G & E Realty, Inc., 56 AD3d 372, 372-373 [2008]; Plemmenou v Arvanitakis, 39 AD3d 612, 613 [2007]; Petracca v Petracca, 305 AD2d 566, 567 [2003]; Glenesk v Guidance Realty Corp., 36 AD2d 852, 853 [1971]), albeit without prejudice to Hurst’s right to replead those affirmative defenses in proper form (see Consolidated Constr. Group, LLC v Bethpage Union Free School Dist., 39 AD3d 792, 796 [2007]; Rosenthal v Allstate Ins. Co., 248 AD2d 455, 456 [1998]; Bentivegna v Meenan Oil Co., 126 AD2d 506, 508 [1987]).
MEI’s remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.