*870 In an action to recover damages for fraud, legal malpractice, and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered June 1, 2012, which denied their motion to dismiss the amended complaint pursuant to CPLR 3211 (a).
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants’ motion which were to dismiss the first, second, and third causes of action pursuant to CPLR 3211 (a), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In his complaint, the plaintiff alleged that in 2007, the defendant Adam David Markel, who at that time was the plaintiffs attorney and business partner, and the defendant Adam David Markel, PC., intentionally conveyed false information that caused him to provide funds from his personal bank account to finance a loan to Colatrella Builders, Inc. (hereinafter Colatrella). Colatrella defaulted on the loan shortly after it was issued.
According to the plaintiff, when the defendants drafted the mortgage documents related to the loan, they improperly named Aqua-Trol Corporation (hereinafter Aqua-Trol) as the mortgagee, rather than the plaintiff, even though they knew that the plaintiff had personally funded the loan. In 2004, Aqua-Trol had been dissolved by proclamation of the New York State Secretary of State for failure to pay franchise taxes. The plaintiff alleged that Aqua-Trol has assigned its rights to him.
The plaintiff filed an amended complaint in 2012. According to the caption, the plaintiff is suing as an assignee of Aqua-Trol. The first three causes of action, which allege that the defendants committed fraud, legal malpractice, and breach of fiduciary duty in the course of their dealings with Aqua-Trol, are consistent with this language. However, it is clear that the remaining three causes of action allege that the defendants committed fraud, legal malpractice, and breach of fiduciary duty against the plaintiff personally.
The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and, in effect, CPLR 3211 (a) (3), and the Supreme Court denied the motion.
The Supreme Court correctly determined that the defendants were not entitled to dismissal of the first, second, and third causes of action pursuant to CPLR 3211 (a) (1) and (7). However, those branches of the defendants’ motion which were, in effect, to dismiss those causes of action pursuant to CPLR 3211 (a) (3) should have been granted.
*871 The first three causes of action must be dismissed because the plaintiff failed to prove his standing after the issue of standing was raised by the defendants (see Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]). Although the loan participation agreement reflects that any assignment from Aqua-Trol to the plaintiff must be in writing, the plaintiff neither alleged the existence of nor produced a written assignment (see Tycon Tower I Inv. Ltd. Partnership v Burgee Architects, 234 AD2d 748, 748-749 [1996]; cf. Cohn v Rothman-Goodman Mgt. Corp., 155 AD2d 579 [1989]).
Moreover, the defendants would still be entitled to dismissal of the first, second, and third causes of action even if the plaintiff had a valid assignment. With limited exceptions, a dissolved corporation “does not enjoy the right to bring suit in the courts of this state” (Moran Enters., Inc. v Hurst, 66 AD3d 972, 975 [2009]). When the loan transaction at issue occurred, AquaTrol was a dissolved corporation, and there is no suggestion that the loan was related to the winding up of Aqua-Trol’s affairs (see Business Corporation Law § 1005 [a] [1]). Contrary to the Supreme Court’s determination, it is apparent from the record that neither the de facto corporation doctrine (see Matter of Hausman, 51 AD3d 922, 924 [2008], affd 13 NY3d 408 [2009]; Lorisa Capital Corp. v Gallo, 119 AD2d 99, 110-111 [1986]) nor the corporation by estoppel doctrine (see Lorisa Capital Corp. v Gallo, 119 AD2d at 112; cf. Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664, 668-669 [2006]) is relevant to this case. Accordingly, Aqua-Trol lacks capacity to sue the defendants for their actions in connection with the loan (see Moran Enters., Inc. v Hurst, 66 AD3d at 974-976; cf. Tedesco v A.P. Green Indus., Inc., 8 NY3d 243, 246-248 [2007]). Because an assignee stands in the shoes of the assignor (see Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802, 804 [2012]), the plaintiff, as assignee, would similarly lack capacity to sue.
The defendants failed to assert any valid grounds for the dismissal of the plaintiffs remaining causes of action, brought in his individual capacity. We reject the defendants’ contention that the plaintiff is bound by the caption, and thus can only be deemed an assignee of Aqua-Trol. The plaintiffs failure to note in the caption that he is also suing in his individual capacity is, under the circumstances of this case, a trivial defect that has not prejudiced the defendants in any way (see County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123,126 [1977]; Albilia v Hillcrest Gen. Hosp., 124 AD2d 499, 500 [1986]), and will be disregarded (see CPLR 2001). Rivera, J.P., Lott, Sgroi and Miller, *872 JJ., concur. [Prior Case History: 2012 NY Slip Op 31515(U).]