■ 80-02 LEASEHOLD, LLC, Respondent, v CM REALTY HOLDINGS CORP., Also Known as CM REALTY HOLDING CORP., et al., Defendants, and MARK SCHEINER, Appellant. [999 NYS2d 158]—

In an action, inter alia, to recover damages for breach of a lease, the defendant Mark Scheiner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 26, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action insofar as asserted against him and summary judgment on the issue of liability on the fourth through sixth causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of a commercial lease. The amended complaint alleged that the tenant, CM Realty Holdings Corp., also known as CM Realty Holding Corp. (hereinafter CM Realty), had been dissolved by the Secretary of State for the nonpayment of franchise taxes prior to the execution of the lease, and that it had not been reinstated. Insofar as is relevant here, the plaintiff sought to hold the defendant Mark Scheiner personally liable for CM Realty's obligations under the lease as an officer of the dissolved corporation.

The plaintiff moved for summary judgment and partial summary judgment on numerous causes of action. The Supreme Court granted those branches of the motion which were for summary judgment against Scheiner on the first cause of action and summary judgment on the issue of liability against Scheiner on the fourth through sixth causes of action. Scheiner appeals, and contends that the court erred when it determined that he could be personally liable for CM Realty's obligations under the lease.

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment against Scheiner on the first cause of action and summary judgment on the issue of liability against Scheiner on the fourth through sixth causes of action. Pursuant to Tax Law § 203-a, the Secretary of State may dissolve a corporation by proclamation for the nonpayment of franchise taxes. Upon dissolution, the corporation's legal existence terminates and it is prohibited from carrying on new business (see Moran Enters., Inc. v Hurst, 66 AD3d 972 [2009]; Lorisa Capital Corp. v Gallo, 119 AD2d 99, 109 [1986]; Business Corporation Law § 1005 [a] [1]). It retains a

limited de jure existence solely for the purpose of winding up its affairs (*see Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109 [1986]; Business Corporation Law §§ 1005 [a] [1]; 1006). A person who purports to act on behalf of a dissolved corporation is personally responsible for the obligations incurred (*see Sunquest Enters., Inc. v Zar*, 115 AD3d 486 [2014]; *Commissioners of State Ins. Fund v Staulcup*, 95 AD3d 1259 [2012]; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 496 [2007]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666 [1989]). Personal liability is not limited to the person who executes a contract on behalf of a dissolved corporation, but extends to the officers of the dissolved corporation (*see Keystone Mech. Corp. v Conde*, 309 AD2d 627 [2003]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence of CM Realty's dissolution, and evidence that Scheiner was a corporate officer of CM Realty. In opposition, Scheiner failed to raise a triable issue of fact or demonstrate that the motion was premature for a lack of discovery (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Cajas-Romero v Ward*, 106 AD3d 850 [2013]). Scheiner contends that the plaintiff's predecessor-in-interest, which entered into the subject lease, waived its right to recover from him, or that the plaintiff should be estopped from attempting to recover from him, since the plaintiff's predecessor-in-interest knew that CM Realty was a dissolved corporation when it entered into the lease, and nevertheless insisted that CM Realty be named as the tenant in the lease. His contention is without merit, since he does not allege that the plaintiff's predecessor-in-interest made any representation that it would not proceed against the corporate officers of CM Realty in the event of a breach of the lease (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Thomas Hamilton Pharmacy, Inc. v Nationwide Mut. Ins. Co.*, 68 AD3d 853 [2009]). In any event, the lease contains a merger clause which would preclude Scheiner from claiming that he relied upon any such representation (*see Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 521 [2007]; *Constructamax, Inc. v CBA Assoc.*, 294 AD2d 460 [2002]).

Scheiner also contends that the plaintiff's claims against him are barred by a stipulation of settlement between the plaintiff's predecessor-in-interest and CM Realty, entered in a prior nonpayment proceeding. However, while the stipulation terminated the landlord/tenant relationship, the lease provided that the tenant would remain liable for rent after eviction (*see*

*Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]; *International Publs. v Matchabelli*, 260 NY 451, 454 [1933]; *Ring v Printmaking Workshop, Inc.*, 70 AD3d 480 [2010]; *Johnston v MGM Emerald Enters., Inc.*, 69 AD3d 674 [2010]; *Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221 [2006]; RPAPL 749 [3]). In addition, the stipulation of settlement did not contain any waiver of the plaintiff's right to recover the relief sought in this action (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Ring v Printmaking Workshop, Inc.*, 70 AD3d 480 [2010]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action insofar as asserted against Scheiner and summary judgment on the issue of liability on the fourth through sixth causes of action insofar as asserted against Scheiner. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.