Egan Jr., J.
Appeal from an order and judgment of the Supreme Court (Clark, J.), entered September 27, 2013 in Schenectady County, upon a decision of the court in favor of defendant Lewis A. Polsinelli Jr.
The underlying facts are set forth in this Court’s prior decision in this matter (124 AD3d 1049 [2015]). Briefly, between roughly May 2007 and March 2008, plaintiff (a fuel delivery company) provided defendant L & A Automotive Center, Inc. (a domestic corporation engaged in automotive repair and towing) with various types of fuel and certain equipment. Not long after this business relationship began, L & A fell behind in its payments to plaintiff — eventually prompting plaintiff to terminate all deliveries to L & A, retrieve its fuel tanks and commence this action against defendant Lewis A. Polsinelli Jr. (apparently the sole officer of L & A) for breach of contract and an account stated. By stipulation, L & A subsequently was added as a party defendant.
A nonjury trial ensued, at the conclusion of which Supreme Court found in favor of plaintiff and, by judgment dated September 11, 2013, plaintiff was awarded judgment against L & A in the sum of $58,989.14 and the action against Polsinelli was dismissed. L & A filed a notice of appeal with respect to this judgment, which it did not perfect, and, shortly thereafter, filed for Chapter 11 bankruptcy. A separate order and judgment— dated September 11, 2013 and entered on September 27, 2013 — granted Polsinelli’s motion to dismiss the action against him, and plaintiff appealed from this order and judgment. This Court conditionally dismissed plaintiffs appeal based upon its failure to prepare, settle and file the underlying trial transcript (id.). As that transcript has since been provided, we will now address the merits of plaintiffs appeal.
The sole issue raised upon this appeal is whether Polsinelli should be held personally hable for the debt incurred by L & A — the latter of which, the record reflects, was dissolved by the Secretary of State in 1997. Business Corporation Law § 1005 (a) (1) provides, in relevant part, that, following dissolution, “[t]he corporation shall carry on no business except for the purpose of winding up its affairs.” Winding up, in turn, is defined as “the performance of acts directed toward the liquidation of the corporation, including the collection and sale of corporate assets” (Matter of 172 E. 122 St. Tenants Assn. v Schwarz, 73 NY2d 340, 349 [1989]; see Business Corporation Law § 1005 [a] [2]; Harris v Stony Clove Lake Acres, 221 AD2d 833, 833 [1995]). Notably, a dissolved corporation is precluded from engaging in new business (see Calabrese Bakeries, Inc. v *1298 Rockland Bakery, Inc., 102 AD3d 1033, 1035 n 6 [2013]; Moran Enters., Inc. v Hurst, 66 AD3d 972, 975 [2009]) and “has no existence, either de jure or de facto, except for a limited de jure existence for the sole purpose of winding up its affairs” (Lodato v Greyhawk N. Am., LLC, 39 AD3d 496, 497 [2007]; see 80-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d 872, 873-874 [2014]). As a result, “[a] person who purports to act on behalf of a dissolved corporation is personally responsible for the obligations incurred” (82-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d at 874).
As noted previously, L & A was dissolved by a proclamation of the Secretary of State in 1997, and nothing in the record on appeal suggests that such dissolution subsequently was annulled. Nearly 10 years later, L & A purported to enter into what, in our view, fairly qualifies as a new business relationship with plaintiff for the purpose of obtaining fuel deliveries and supplies — a relationship that continued for several months until L & A’s nonpayment of outstanding invoices prompted plaintiff to retrieve its equipment and cease all deliveries. To our analysis, L & As activities in this regard do not constitute a winding up of its corporate affairs but, rather, amount to the pursuit of new business for which Polsinelli indeed is personally liable. Polsinelli’s remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Rose and Lynch, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.