Marc Velez, Velez-Blanco Interiors Inc., Plaintiffs-Respondents, 
against
Sabrina LoFranco, John LoFranco and Caithlyn Holowaty, Defendants-Appellants.



Defendants, as limited by their briefs, appeal from so much of an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), entered September 1, 2015, as denied their motion to dismiss the complaint.




Per Curiam.
Order (Carol R. Feinman, J.), entered September 1, 2015, insofar as appealed from, modified to dismiss the complaint of plaintiff Marc Velez and so much of the complaint of plaintiff Velez-Blanco Interiors, Inc., as seeks to recover for loans made after July 28, 2010; as modified, order affirmed, without costs.
The individual plaintiff, Marc Velez, lacked standing to sue in his own name to recover for alleged loans made to defendants, since the documentary evidence establishes that the corporate plaintiff, Velez-Blanco Interiors Inc., rather than Velez individually, made the loans (see Quatrochi v Citibank, 210 AD2d 53 [1994]; General Motors Acceptance Corp. v Kalkstein, 101 AD2d 102, 105-106 [1984], appeal dismissed 63 NY2d 676 [1984]). Thus the complaint of Marc Velez should have been dismissed.
The documentary evidence further establishes that the corporate plaintiff was dissolved by proclamation of the New York State Secretary of State on July 28, 2010. Upon dissolution, the corporation's legal existence terminated and it was prohibited from carrying on new business (see 80-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d 872, 873 [2014]; Business Corporation Law § 1005[a][1]). Therefore, that portion of the corporate plaintiff's claim which seeks to recover money loaned to defendants after July 28, 2010, should have been dismissed (see Weiss v Markel, 110 AD3d 869, 871 [2013]; Moran Enters., Inc. v Hurst, 66 AD3d 972 [2009]). The corporate plaintiff may, however, sue to recover funds loaned before its dissolution (see Business Corporation Law § 1006[b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2017