Moran Enters., Inc. v Hurst (2018 NY Slip Op 02321)





Moran Enters., Inc. v Hurst


2018 NY Slip Op 02321


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-06078
 (Index No. 4634/07)

[*1]Moran Enterprises, Inc., appellant,
v Margaret Hurst, respondent, et al., defendants.


John R. Lewis, Jr., Esq., P.C., Farmingdale, NY, for appellant.
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (Richard A. Blumberg and Brian J. Hufnagel of counsel), for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), entered June 4, 2015. The order, insofar as appealed from, upon renewal and reargument, adhered to original determinations in orders of the same court dated September 25, 2013, and May 14, 2014, granting those branches of the motion of the defendant Margaret Hurst which were for leave to amend her answer and for summary judgment dismissing the complaint.
ORDERED that the order entered June 4, 2015, is affirmed insofar as appealed from, with costs.
The plaintiff retained attorney Margaret Hurst to represent it in certain matters, including filing a second Chapter 11 petition for bankruptcy on its behalf. A few months later, Hurst left active practice and transferred her clients to another attorney. The bankruptcy proceeding was subsequently dismissed. The plaintiff thereafter retained new attorneys, who filed a third Chapter 11 bankruptcy petition on its behalf. The asset schedules filed with the plaintiff's third bankruptcy petition stated that the plaintiff's only asset was certain real property, and failed to list any causes of action against Hurst. After the mortgagee of the real property sought to vacate the bankruptcy stay, the bankruptcy court dismissed the plaintiff's third bankruptcy petition based upon the lack of equity in the property or other assets with which to pay the creditors.
The plaintiff thereafter commenced this action against Hurst to recover damages for breach of contract, legal malpractice, conversion, and unjust enrichment. After motion practice on the pleadings, and related appeals (see Moran Enters., Inc. v Hurst, 96 AD3d 914; Moran Enters., Inc. v Hurst, 66 AD3d 972), Hurst moved, among other things, for leave to amend her answer to assert a defense that "Plaintiff's Claims are Barred Due to Failure to Disclose in Third Bankruptcy," and for summary judgment dismissing the complaint based on that defense. Hurst argued that the plaintiff's failure to disclose, in its third bankruptcy, the claims against her, barred it from maintaining the claims against her due to a lack of capacity and by application of the doctrine of judicial estoppel. In an order dated September 25, 2013, the Supreme Court granted those branches of Hurst's motion which were for leave to amend her answer to assert that defense and for summary judgment dismissing the complaint pursuant to that defense based on judicial estoppel. Thereafter, in the order appealed from entered June 4, 2015, the Supreme Court, upon renewal and reargument, adhered to the original determination in the order dated September 25, 2013, and its determination [*2]in an order dated May 14, 2014.
In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Gomez v Buena Vida Corp., 152 AD3d 497). Lateness alone is not a barrier to the amendment (see Carducci v Bensimon, 115 AD3d 694, 695). " It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5 at 477 [1975 ed]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411).
Contrary to the plaintiff's contention, Hurst's proposed judicial estoppel defense based on its failure to schedule its current claims against her in its third bankruptcy proceeding was
not palpably insufficient or patently devoid of merit. The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which it took in a prior proceeding, simply because its interests have changed (see Davis v Citibank, N.A., 116 AD3d 819, 820; Festinger v Edrich, 32 AD3d 412, 413). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings'" (Davis v Citibank, N.A., 116 AD3d at 821, quoting Bates v Long Is. R.R. Co., 997 F2d 1028, 1038 [2d Cir] [citation omitted]). "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets" (Rosenshein v Kleban, 918 F Supp 98, 104 [SD NY]). By failing to list causes of action on bankruptcy schedules of assets, the debtor represents that it has no such claims (see Crawford v Franklin Credit Mgt. Corp., 758 F3d 473, 486 [2d Cir]). Thus, the doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding (see B.N. Realty Assoc. v Lichtenstein, 21 AD3d 793, 798; McIntosh Bldrs. v Ball, 264 AD2d 869, 870; Cafferty v Thompson, 223 AD2d 99, 102).
For the doctrine to apply, there must be "a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets" (Koch v National Basketball Assn., 245 AD2d 230, 231). However, a discharge from bankruptcy is not required for the application of the doctrine. "The bankruptcy court may accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways" (Hamilton v State Farm Fire & Cas. Co., 270 F3d 778, 784 [9th Cir]; see In re Coastal Plains, Inc., 179 F3d 197, 210 [5th Cir]).
Here, in dismissing the plaintiff's third bankruptcy proceeding, the bankruptcy court expressly relied upon the plaintiff's representation in its asset schedules that it had no assets other than the real property (see USC § 1112[b]; In re Preferred Door Co., 990 F2d 547, 549 [10th Cir]; In re Babayoff, 445 BR 64, 81-82 [ED NY]). Accordingly, the bankruptcy court accepted and endorsed the plaintiff's characterization of its assets, and the Supreme Court properly determined that judicial estoppel barred the plaintiff from now maintaining the undisclosed claims (see In re Coastal Plains, Inc., 179 F3d at 210; cf. Davis v Citibank, N.A., 116 AD3d at 821; Crawford v Franklin Credit Mgt., Corp., 758 F3d at 486).
The plaintiff further contends that leave to amend the answer should have been denied because Hurst's delay in asserting the defense would prejudice it due to the expiration of the statute of limitations for a legal malpractice cause of action against its subsequent bankruptcy attorneys who failed to list the claims against Hurst in the bankruptcy schedules. However, the plaintiff asserted a timely legal malpractice cause of action against the subsequent bankruptcy attorneys, which was dismissed because the plaintiff was dissolved by the Secretary of State for failure to pay franchise taxes, and the plaintiff lacked the capacity to enforce obligations arising out of the representation until it secured retroactive de jure status by payment of delinquent franchise taxes (see Moran Enters., Inc. v Hurst, 66 AD3d at 976). Thus, the plaintiff's loss of any claims against those attorneys was due to its own failure to pay the delinquent franchise taxes and to timely recommence the action against those attorneys (see CPLR 205[a]), and was not the result of Hurst's delay in asserting the defense (see generally CPLR 203[f]; Pendleton v City of New York, 44 AD3d 733, 736; [*3]cf. Daughtry v Rosegarten, 180 Misc 2d 102, 103-104 [App Term 2d Dept]).
Accordingly, the Supreme Court providently exercised its discretion in granting Hurst leave to amend her answer to assert a judicial estoppel defense based on the plaintiff's failure to schedule its current claims against her in its third bankruptcy proceeding, and properly awarded Hurst summary judgment dismissing the complaint based on that defense.
In light of our determination, we need not address the parties' remaining contentions regarding the plaintiff's alleged lack of capacity to maintain this action or the validity of the breach of contract cause of action.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court