Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC (2019 NY Slip Op 07771)





Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC


2019 NY Slip Op 07771


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-00428
 (Index No. 53040/12)

[*1]Gristede's Operating Corp., et al., appellants,
v
Scarsdale Shopping Center Associates, LLC, et al., respondents.


Oxman Law Group, PLLC, White Plains, NY (Marc S. Oxman and Julie Pechersky Plitt of counsel), for appellants.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Lee S. Wiederkehr and Nelida Lara of counsel), for respondent Scarsdale Shopping Center Associates, LLC.
Lee Anav Chung White Kim Ruger & Richter LLP, New York, NY (Michael M. Yi and Aimee L. Richter of counsel), for respondents Walgreen Co. and Walgreen Eastern Co., Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 12, 2016. The order, insofar as appealed from, granted the motion of the defendants Walgreen Co. and Walgreen Eastern Co., Inc., for summary judgment dismissing the plaintiffs' fifth cause of action, and granted that branch of the motion of the defendant Scarsdale Shopping Center Associates, LLC, which was for summary judgment dismissing the plaintiffs' affirmative defenses interposed in reply to its counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 2006, the plaintiffs and the defendants Walgreen Co. and Walgreen Eastern Co., Inc. (hereinafter together the Walgreen defendants), were exploring and negotiating the potential sale of, inter alia, certain leases held by the plaintiffs. By letter agreement dated November 14, 2006 (hereinafter the 2006 confidentiality agreement), the Walgreen defendants agreed that, for a three-year period, they would refrain from approaching, discussing, or negotiating with the owner of any of the premises at issue. On April 4, 2007, the plaintiffs and the Walgreen defendants entered into a contract of sale in which the Walgreen defendants agreed to purchase six leases from the plaintiffs. As relevant to this appeal, one of those leases was for a property located in Scarsdale, owned by the defendant Scarsdale Shopping Center Associates, LLC (hereinafter Scarsdale), denominated as Store No. 90. The plaintiffs and the Walgreen defendants additionally agreed to extend the 2006 confidentiality agreement for five years from the date of execution of the contract of sale.
By amendment dated January 1, 2009, the plaintiffs and the Walgreen defendants [*2]amended the 2007 contract of sale so as limit its applicability to the purchase of only one lease for a property located in Manhattan, and "to terminate the Contract with [sic] to all other Property which has not been sold, assigned or otherwise transferred by Sellers to Purchaser as of the date hereof." Further, the amendment provided that "the Contract is terminated and deemed of no further force with respect to each and every Property (other than Store 561) which, as of the date hereof, has not been sold, assigned or otherwise transferred by Sellers to Purchaser pursuant to the Contract . . . and that the parties shall have no rights, obligations and liabilities thereto except to the extent that the same expressly survive the termination of the Contract" (emphasis added).
It is undisputed that Store No. 90 was one of the unsold properties that was excised from the 2007 contract of sale by the 2009 amendment. In 2011, an alleged agent of the Walgreen defendants contacted Scarsdale regarding Store No. 90.
Thereafter, the plaintiffs and the Walgreen defendants resumed negotiations regarding the potential sale of leases held by the plaintiffs. By letter agreement dated January 24, 2012, the plaintiffs and the Walgreen defendants agreed as follows: "[The plaintiffs] and [the Walgreen defendants] each hereby confirm that . . . all of the terms, covenants and conditions of the [2006 confidentiality agreement], as amended by [the 2007 contract of sale] . . . remain in full force and effect and are incorporated herein by reference thereto" (emphasis added).
Later in 2012, the plaintiffs commenced this action against the Walgreen defendants and Scarsdale. As relevant to this appeal, as against the Walgreen defendants, the plaintiffs asserted a fifth cause of action alleging that the Walgreen defendants breached the 2006 confidentiality agreement. In its answer, Scarsdale asserted, inter alia, a second counterclaim against the plaintiffs to recover real estate taxes due and owing under the lease between the plaintiffs and Scarsdale, and a third counterclaim for attorney's fees incurred in enforcing the provisions of the lease. In reply, the plaintiffs asserted three affirmative defenses, claiming that Scarsdale's second and third counterclaims were barred by (1) the terms of a stipulation, (2) waiver and estoppel, and (3) accord and satisfaction.
The Walgreen defendants moved for summary judgment dismissing the plaintiffs' fifth cause of action. Scarsdale moved, inter alia, for summary judgment dismissing the plaintiffs' affirmative defenses to its second and third counterclaims. The Supreme Court granted the Walgreen defendants' motion and, inter alia, granted the branches of Scarsdale's motion which were for summary judgment dismissing the plaintiffs' affirmative defenses to its second and third counterclaims. The plaintiffs appeal, and we affirm.
We agree with the Supreme Court's determination to grant the Walgreen defendants' motion for summary judgment dismissing the plaintiffs' fifth cause of action. " [W]hen parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 403, quoting Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475). "Courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d at 404, quoting Reiss v Financial Performance Corp., 97 NY2d 195, 199).
" Whether an agreement is ambiguous is a question of law for the courts . . . Ambiguity is determined by looking within the four corners of the document, not to outside sources'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d at 404, quoting Kass v Kass, 91 NY2d 554, 566). "The entire contract must be reviewed and [p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought'" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d at 404, quoting Atwater & Co. v Panama R.R. Co., 246 NY 519, 524). "Where the language chosen by the parties has a definite and precise meaning,' there is no ambiguity" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d at 404, quoting Greenfield v [*3]Philles Records, 98 NY2d 562, 569).
Here, the Walgreen defendants established, prima facie, that the 2009 amendment unambiguously terminated the 2006 confidentiality agreement insofar as its pertained to Store No. 90. Indeed, in narrowing the applicability of the 2007 contract of sale to one property located in Manhattan, the plaintiffs and the Walgreen defendants clearly and unambiguously stated that they "shall have no rights, obligations and liabilities" as to, among other properties, Store No. 90, "except to the extent that the same expressly survive the termination of the Contract" (emphasis added). The 2007 contract of sale and 2009 amendment contain no express language preserving the 2006 confidentiality agreement as to Store No. 90. Thus, since an essential element of a breach of contract cause of action is the existence of a valid contract (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803), the alleged contact between an agent of the Walgreen defendants and Scardale in 2011 could not have constituted a breach of the 2006 confidentiality agreement, as that agreement was clearly and unambiguosly terminated as to Store No. 90 at that time. Although the subsequent 2012 agreement recited that the 2006 confidentiality agreement "remain[s] in full force and effect," there was clearly no contractual prohibition against contact between the Walgreen defendants and Scarsdale in existence when the contact between the Walgreen defendants and Scarsdale was allegedly made. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
We also agree with the Supreme Court's determination to grant that branch of Scarsdale's motion which was for summary judgment dismissing the plaintiffs' affirmative defenses to its second and third counterclaims. As relevant to this issue, the terms of the lease between the plaintiffs and Scarsdale, which expired on April 30, 2015, required that the plaintiffs pay, inter alia, their proportional share of certain real estate taxes as "additional rent" within 10 days after a demand therefor was made. By petition dated April 2, 2015, Scarsdale commenced a nonpayment proceeding against the plaintiffs in New Rochelle City Court, alleging that pursuant to the lease, the plaintiffs owed rents and additional rents as follows: $54,166.67 for rent due for the month of March 2015, $1,600 for maintenance due for March 2015, and late charges totaling $2,230.67. By stipulation dated April 20, 2015, the parties to that proceeding agreed to settle the proceeding for the sum of $112,517.97, which was inclusive of the claims relating to the March 2015 rent, as well as the April 2015 rent, which had since become due and owning. Critically, the stipulation provided: "The parties reserve all other rights as they may have." In or about October 2015, Scarsdale demanded payment from the plaintiffs of the real estate taxes through April 30, 2015.
Here, Scarsdale established, prima facie, that its counterclaim for real estate taxes owed was not barred by the terms of the stipulation, waiver and estoppel, or accord and satisfaction, as the 2015 stipulation expressly reserved Scarsdale's right to pursue claims not settled by the parties therein (see Hudson Towers Hous. Co., Inc. v Vip Yacht Cruises, Inc., 63 AD3d 413, 413-414; see also 80-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d 872, 875). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
Accordingly, we affirm the order insofar as appealed from.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court